"This case is before the court on defendant’s motion for partial summary judgment. Plaintiff has opposed the motion on the grounds that there are material questions of fact in dispute and as a matter of law defendant is not entitled to summary judgment. After consideration of the briefs and the oral arguments, we deny defendant’s motion for partial summary judgment on the ground that there are material facts in dispute.
"Plaintiff is an integrated miner-manufacturer of brick. It claimed depletion allowance on its mining activities for fiscal years 1956 through 1963. In so doing, plaintiff utilized the 'representative market or field price method’ of ascertaining its constructive gross income for purposes of computing its depletion allowance in each of the taxable years in dispute. Treas. Reg. § 1.613-4(c) (1972).
"Defendant contends that plaintiff cannot use the 'representative market or field price method’ in arriving at its constructive gross income from mining since all the representative market prices plaintiff has suggested ($9.90 per ton, $10.50 per ton, and $11.50 per ton) run afoul the presumption that they are not representative market prices, Treas. Reg. § 1.613-4(c)(6) (1972), and plaintiff has not alleged any facts to rebut this presumption. Therefore, defendant contends that plaintiff must ascertain its constructive gross income from its mining operation under the 'proportionate profits method.’ Treas. Reg. § 1.613-4(d) (1972).
"Further, defendant argues that this taxpayer has twice before tried to use the representative market or field price method in figuring its depletion allowance and failed. United States v. Henderson Clay Products, 324 F. 2d 7 (5th Cir. 1963), rev’g 199 F. Supp. 304 (E.D. Tex. 1961); Henderson Clay Products v. United States, 377 F. 2d 349 (5th Cir. 1967), aff’g 252 F. Supp. 1013 (E.D. Tex. 1966). However, in the previous two cases Treas. Reg. § 1.613-4(c)(6) (1972) was not in issue for it had not been promulgated in final form.
*1002 "Even assuming Treas. Reg. § 1.613-4(c)(6) (1972) is valid and applicable to the taxable years in dispute,[1] we find this case is unripe for summary judgment. There is the question of what is the true representative market or field price. In the claims for refund, plaintiff contended $10.50 per ton for the taxable years 1956 and 1963 and $11.50 per ton for the taxable years 1957 through 1962. In support of its brief in opposition to the motion for summary judgment, plaintiff filed affidavits asserting $9.90 per ton as the correct representative market or field price. The plaintiff has also placed in dispute a question over the correct accounting method to be used in applying the limitation established by Treas. Reg. § 1.613-4(c)(6) (1972). Plaintiff maintains there should be an allocation of the indirect overhead expenses which are not clearly attributable to either the mining or manufacturing portion of its business. Defendant contends there should be an allocation of the indirect overhead administrative expenses, but not the indirect overhead expenses attributable to the sales of the manufactured brick. Therefore, It Is Ordered
"1. That defendant’s motion for partial summary judgment be and hereby is denied on the grounds that there are material facts in dispute, and
"2. That the case should be set for trial and the trial judge should first, assuming the regulation is valid and retroactive, allow the parties to present evidence on the questions of what the representative market price for ball clay is, if there is one, and what accounting method is proper in applying Treas. Reg. § 1.613 — 4(c)(6) (1972). If it still appears that the taxpayer will run afoul of the regulation after the representative market price is established and the proper accounting method determined, the trial judge should allow the parties to present relevant evidence relating to the ball clay mining industry and integrated miner-manufacturers, like plaintiff, to demonstrate whether the regulation as written and applied is valid and legally retroactive. The trial judge should then make his findings of fact and conclusions of law as to the *1003 applicability of the regulation to this taxpayer, the regulation’s validity, and the legality of its retroactive application.”

 Plaintiff, in its brief opposing summary judgment, also placed in issue the validity of Treas. Reg. § 1.613-4(c)(6) (1972) and the legality of its retroactive application.